## UNITED STATES OF AMERICA:

### *v.*

## PEDRO LOPEZ AND CECILIO MIRANDA.

---

San Juan, Criminal, No. 1575.

#### FORMER JEOPARDY.

Criminal Law—Former Jeopardy—Allegations.

> Where pleas of former jeopardy fail to set forth that the defendant was put upon trial after legal information or legal indictment filed against him, that the jury referred to in such pleas were properly impaneled and sworn and charged with his trial, and such pleas also fail to allege that the jury were, without the consent of the said defendant and without any pressing necessity, discharged without rendering any verdict, such pleas are fatally defective, and a motion to strike should be granted, or a demurrer should be sustained.

Opinion filed July 14, 1921.

---

Order of the court sustaining demurrer filed June 23, 1921, to the pleas filed on behalf of Cecilio Miranda June 17, 1921.

*Mr. Miles M. Martin,* United States District Attorney, for the United States.

XII. Porto Rico.—20.

*Messrs. Peter J. Hamilton* and *John D. Gay* for defendant Cecilio Miranda.

ODLIN, Judge, delivered the following opinion:

The defendant Cecilio Miranda, by permission of the court, has filed certain pleas of former jeopardy and previous acquittal, which pleas have been met by a demurrer filed by the United States District Attorney, and counsel for Cecilio Miranda have submitted this matter to the court upon a written argument, which has been carefully considered by this court.

The court is of the opinion that the demurrer should be sustained. The pleas which have been filed do not set forth with exactness the former jeopardy and the previous acquittal claimed by counsel, and they do not set forth that the said Miranda was put upon his trial after a good information or indictment filed against him, and they do not set forth that the jury referred to in said pleas were properly impaneled and sworn and charged with his trial; and said pleas also fail to set forth that the said jury were, without the consent of the said Miranda and without any pressing necessity, discharged without rendering any verdict.

A close examination of said pleas as filed on behalf of said Miranda discloses the statements that Miranda was tried on May 27, 1921, before a jury in this court, and that when evidence had been introduced the said jury were charged by the judge and retired with instructions from the court that in case said jury should find a verdict, such verdict should be sealed and deposited with the clerk, and the jury should then be discharged; said pleas further set forth that a paper purporting to

United States v. Lopez.

be a verdict was sealed and delivered, but do not state to whom such delivery was made; said pleas further set forth that such paper did not convict the said Miranda and that the jury accordingly separated under said order.

It seems to the court that the above-recited statements set forth in said pleas are contradictory. In one place counsel for Miranda allege that the jury were directed by the court to be discharged after a verdict should be found and sealed and deposited; and in another place it is set forth in said pleas that the paper which purported to be a verdict did not convict the defendant, and that the said jury accordingly separated under the order previously given by this court. It is clear that if the court ordered that the jury should be discharged after first finding and sealing and delivering a verdict, and that the jury separated without finding and sealing and delivering a verdict, such separation of the jury could not be made under and in accordance with any order of this court.

For the reasons above stated, the court is obliged to sustain the demurrer filed by the United States District Attorney, but will allow ten days to counsel for the said defendant Cecilio Miranda in which to present amended pleas to this court, if counsel shall so desire.